# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| RICHELL USA, INC. | § | |
| | § | |
| v. | § | Civil Action No. 4:18-CV-00847 |
| | § | Judge Mazzant |
| CINMAR, LLC and FRONTGATE | § | |
| MARKETING, INC. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the parties' Joint Motion to Stay (Dkt. #37). The parties explain, "Although no settlement was reached at the mediation, during the mediation the parties agreed to explore a business resolution for the parties' current dispute." (Dkt. #37 at p. 1). Accordingly, the parties request the Court stay all deadlines for ninety day "[i]n order to allow business representatives to continue to explore a business resolution . . . ." (Dkt. #37 at p. 1).

District courts have the inherent power to stay proceedings pending before them, but this power is "'incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co., Ltd.*, 4:14-CV-371, 2016 WL 231144, at *1 (E.D. Tex. Jan. 19, 2016) (quoting *In re Beebe*, 56 F.3d 1384 (5th Cir. 1995)). A stay is not a matter of right and the party requesting a stay bears the burden of showing that the circumstances justify the exercise of the Court's discretion to stay a case. *Ind. State Police Pension Tr. v. Chrysler LLC*, 556 U.S. 960, 961 (2009) (quoting *Nken v. Holder*, 556 U.S. 418, 433 (2009)).

There is no reason that the parties cannot explore a business resolution to the case while litigating the case. As a result, the parties do not meet their burden of demonstrating the circumstances justify the need to stay this case. Therefore, the Court **DENIES** the parties' Joint Motion to Stay (Dkt. #37).

**IT IS SO ORDERED.**

**SIGNED this 19th day of June, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE