# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| RICHELL USA, INC. | § | |
| | § | |
| v. | § | Civil Action No. 4:18-CV-00847 |
| | § | Judge Mazzant |
| CINMAR, LLC and FRONTGATE | § | |
| MARKETING, INC. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the parties' Joint Motion to Reconsider Denial of Parties' Motion to Stay Action (Dkt. #39). In their previous Joint Motion to Stay, the parties requested the Court stay all deadlines for ninety day "[i]n order to allow business representatives to continue to explore a business resolution . . . ." (Dkt. #37 at p. 1). The Court denied the parties' previous motion finding, "There is no reason that the parties cannot explore a business resolution to the case while litigating the case. As a result, the parties do not meet their burden of demonstrating the circumstances justify the need to stay this case." (Dkt. #38 at p. 2).

The parties now ask the Court to reconsider its previous order. The parties now provide specific reasons why continuing to litigate the case will hamper the parties' ability to explore a business resolution to the case:

> The parties now provide additional information and commitments to this Court in order to emphasize why the stay is necessary and proper. First, the business negotiators for Richell are located in Japan, which will slow the business negotiation process. Thus, the parties' negotiations may take longer than expected than if the parties' representatives both resided in the US. Second, the parties both believe that the ability to conduct business negotiations without the financial drain and adversarial nature of ongoing litigation will increase the likelihood of reaching a business resolution to this action. Third, both parties have agreed to negotiate in good faith and, if negotiations fail, to return for a second mediation before the court-appointed mediator, Jeff Kaplan.

(Dkt. #39 at p. 1). The parties also offer to file status reports every thirty days to keep the Court informed on the status of the parties' negotiations.

District courts have the inherent power to stay proceedings pending before them, but this power is "'incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co., Ltd.*, 4:14-CV-371, 2016 WL 231144, at *1 (E.D. Tex. Jan. 19, 2016) (quoting *In re Beebe*, 56 F.3d 1384 (5th Cir. 1995)). A stay is not a matter of right and the party requesting a stay bears the burden of showing that the circumstances justify the exercise of the Court's discretion to stay a case. *Ind. State Police Pension Tr. v. Chrysler LLC*, 556 U.S. 960, 961 (2009) (quoting *Nken v. Holder*, 556 U.S. 418, 433 (2009)).

As the parties show good cause justifying the need for a stay, the Court **RELIEVES** the parties from its previous order and **GRANTS** the parties' Joint Motion to Reconsider Denial of Parties' Motion to Stay Action (Dkt. #39). *See* FED. R. CIV. P. 60(b). Accordingly, the Court **STAYS** the case until **September 16, 2019**. The parties shall notify the Court on **July 18, 2019**, **August 16, 2019**, and **September 16, 2019**, concerning the status of the case.

**IT IS SO ORDERED.**

SIGNED this 24th day of June, 2019.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

2